UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| FORT TRANSFER COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-1236 |
| ) | |
| CENTRAL STATES, SOUTHEAST ) | |
| AND SOUTHWEST AREAS PENSION FUND,) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court is Defendant Central States, Southeast and Southwest Areas Pension Fund's ("the Fund") Motion to Dismiss First Amended Complaint Or Alternatively, For Partial Summary Judgment With Respect to Counts IV and V[1] [Doc. # 5]; and Plaintiff Fort Transfer Company, Inc.'s ("Fort Transfer") Motion For Oral Argument [Doc. # 14]. For the reasons that follow, the Fund's motion to dismiss will be granted, and Fort Transfer's motion for oral argument will be denied as moot.

**BACKGROUND**

Plaintiff Fort Transfer entered into a Trust Agreement with the Fund in September, 1992, pursuant to which Fort Transfer has been a contributing employer in the multiemployer pension plan of

---

[1] Although Defendant attached documents as exhibits to its Supporting Memorandum, this does not automatically convert its 12(b)(3) Motion under the Federal Rules of Civil Procedure into one for summary judgment pursuant to Rule 12(c). A court does not convert a 12(b) motion into one for summary judgment unless, "matters outside the pleading are presented to *and not excluded by the court*[.]" Fed. R. Civ. P. 12(b) and (c) (emphasis added). In the instant matter, the Court does not rely on any of Defendant's exhibits to reach its decision and, therefore, the motion retains its status as a motion to dismiss under Rule 12(b).

the Central States Pension Fund.  Fort Transfer is a for-hire trucking company that provides specialized services in liquid bulk chemical transportation and storage.  The Trust Agreement between Fort Transfer and the Fund covers various collective bargaining agreements that Fort Transfer has entered into with the Teamsters Union Local 627, a collective bargaining representative for unionized truck drivers in the Morton, Illinois area.  The current agreement with Local 627 began in September 2002 and does not expire until 2008, and sets forth that Fort Transfer shall make contributions to the pension plan on behalf of the union employees.

According to Fort Transfer, the Fund has made improper threats to expel Fort Transfer from the pension plan and has demanded payment for complete withdrawal liability based on Fort Transfer's alleged violation of an "adverse selection" policy contained in the Trust Agreement regarding its use of independent contractors.  The Fund has also made two partial withdrawal liability claims against Fort Transfer in November, 2005.

Fort Transfer filed the instant five-count Complaint for Declaratory Judgment on December 9, 2005, claiming: (1) Anticipatory Breach of Contract (Count I), (2) Violation of Taft Hartley Act (Count II), (3) Violation of ERISA (Count III and IV), and (4) Retaliation and Breach of Contract (Count V).  Fort Transfer requests that the Court declare, among other things, that Fort Transfer has not violated the Pension Fund's adverse selection policy, that Fort Transfer cannot and need not comply with the Pension Fund's demand to enroll independent contractor workers in the plan, and that Fort Transfer has not incurred partial

withdrawals.  The Fund has moved to dismiss the complaint, or alternatively, for partial summary judgment with respect to counts IV and V.

The Court shall address Defendant's first argument, that the complaint should be dismissed for lack of venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure because the Trust Agreement contains a forum-selection clause that indicates that this case could only be filed in the Northern District of Illinois, Eastern Division.  Because the Court agrees with the Fund on this point, it is unnecessary to deal with the Fund's other arguments.

## LEGAL STANDARD

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(3):

> a court takes all allegations in the complaint as true, unless contradicted by the defendant's affidavits.  A court may also examine facts outside the complaint in order to determine whether venue is proper.  When ruling on a motion to dismiss under Rule 12(b)(3), the court must resolve the factual conflicts in the parties' submissions in favor of the plaintiff and draw any reasonable inferences from those facts in the plaintiff's favor.

Nagel v. ADM Investor Services, 995 F. Supp. 837, 843 (N.D.Ill. 1998) (citations omitted); see also National Hydro Systems v. Summit Constructors, Inc., 731 F. Supp. 264, 265 (N.D.Ill. 1989); Murphy v. Schneider National, Inc., 349 F.3d 1224 (9th Cir. 2003); New Moon Shipping Co., Ltd. v. MAN B&W Diesel AG, 121 F.3d 24, 29 (2d Cir. 1997).

## ANALYSIS

3

**The Forum-Selection Clause in the Trust Agreement Is Valid and Enforceable**

The Fund argues that the entire suit must be dismissed under Rule 12(b)(3) for improper venue, because the trust agreement contains a forum-selection clause specifying the United States District Court for the Northern District of Illinois as the appropriate forum for any lawsuit filed by an employer.[2] Fort Transfer argues that enforcement of the clause would be unjust and unreasonable because 1) the clause was buried in voluminous trust documents, 2) Fort Transfer had no opportunity to read the clause as it was added *after* the agreement was signed, and 3) this District is the more convenient forum.

When the issue of whether a forum-selection clause should be enforced is raised as a motion to dismiss, it is a matter of contract law and the forum law will apply. Faur v. Sirius Int'l Insurance Corp., 391 F. Supp. 2d 650, 657 (N.D. Ill. 2005) (citing Moore's Federal Practice § 110.01, 4(b) (3d. Ed. 1995)); see also Jones v. Weibrecht, 901 F.2d 17, 19 (2nd Cir. 1990).  If the state law generally upholds such agreements, as Illinois does, the action should be dismissed.  Faur, 391 F. Supp. 2d at 657.  A forum-

---

[2] The trust agreement is not attached to the Amended Complaint. Nevertheless, it should be considered in connection with the Rule(12)(b)(3) component of this motion because it constitutes the core contractual document and it is referred to in the Amended Complaint. See Venture Associates v. Zenith Data Systems, 987 F.2d 429, 431-32 (7th Cir. 1993).  Fort Transfer alleges that the trust agreement, together with the collective bargaining agreement, "form the contract between the parties." (¶ 67).

4

selection clause is "*prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." Bonny v. The Soc'y of Lloyd's, 3 F.3d 156, 159 (7th Cir. 1993) (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972)). In addition, the Seventh Circuit has also held that a forum-selection clause will be enforced unless found to be unjust or the provision was procured by fraud or overreaching. Paper Express, Ltd. v. Pfankuch Maschinen GmbH, 972 F.2d 753 (7th Cir. 1992).

Here, the Court is faced with the situation in which Fort Transfer, the party against whom the forum-selection clause is being enforced, claims to have had no notice of or opportunity to read the clause, as it was added after the agreement was signed by both parties. The Fund adopted the forum selection clause on December 10, 2003, eleven years after the Trust Agreement was signed in September, 1992 and over one year after Fort Transfer signed its 2002-2008 collective bargaining agreement with Local 627. The issue is whether the resisting party, Fort Transfer, has made an adequate showing that it would be unreasonable to enforce the forum-selection clause under these circumstances. The Court is unpersuaded by Fort Transfer's arguments as to why enforcement would be unjust and unreasonable, for the following reasons.

Fort Transfer states that the insertion of a forum selection clause is generally considered a "material alteration" of an agreement, apparently attempting to make the argument that such an

5

alteration cannot be part of the contract without both parties' consent. It argues that it was never notified of or given the opportunity to read the forum selection clause, and thus never expressly or impliedly assented to it. It is true that ordinarily, under basic contract law a valid modification of a contract must satisfy all the criteria essential for a valid contract: offer, acceptance, and consideration. Int'l Business Lists, Inc. v. Am. Telephone and Telegraph Co., 147 F.3d 636, 641 (7th Cir. 1998); see also Robinson v. Ada S. McKinley Community Servs., Inc., 19 F.3d 359, 364 (7th Cir. 1994). However, this rule is inapplicable here due to the fact that the Trust Agreement contains a provision granting the Fund the authority to unilaterally amend the agreement at any time. In Article X of the agreement, entitled "Amendment of Agreement", it is clearly set forth that:

> [T]he power is given to the Trustees to amend this Agreement by majority vote, at any time and from time to time, and all parties to the Trust . . . shall be bound thereby.

[Doc. #11-3, pg. 22].

Thus it appears that in signing the agreement in 1992, Fort Transfer agreed and consented to any further amendments made unilaterally by the Fund, which were to be effective immediately. Fort Transfer cannot now argue that it needed to be notified of the change and then consent to it before the change would become effective. The scope of the Fund's authority to amend under this provision is not disputed by Fort Transfer. Without any facts or

argument suggesting that the Fund's actions were outside the scope of its authority under the agreement, the Court finds no unreasonableness in enforcing the forum selection clause. As the Seventh Circuit has stated, "[g]iven our adversarial system of litigation, it is not the role of this [C]ourt to research and construct the legal arguments open to parties, especially when they are represented by counsel." United States v. Amerson, 185 F.3d 676, 689 (7th Cir. 1999) (internal quotations omitted).

Fort Transfer's argument that the forum-selection clause is buried in voluminous trust documents is also unavailing. The court in Paper Express was satisfied that the forum-selection clause was not buried in illegible fine print, implying fraud, but rather that "although the print is not large, it is legible." 972 F.2d at 758. This is certainly the case here, where the clause is legible and in the same size font as the rest of the terms of the agreement, and in fact has its own section.

Finally, Fort Transfer's argument that this District is the more appropriate venue does not compel a finding that the clause is unenforceable. As the Fund correctly argues, the party seeking to escape the contract must demonstrate that "the forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." Bremen, 407 U.S. at 16. Here, Fort Transfer has simply not made a showing that the Northern District of Illinois, Eastern Division will be so gravely difficult and inconvenient that it will be deprived of its day in

7

court.

## CONCLUSION

IT IS THEREFORE ORDERED that the Fund's Motion to Dismiss Fort Transfer's First Amended Complaint [Doc. # 5] is GRANTED.

IT IS FURTHER ORDERED that Fort Transfer's Motion For Oral Argument [Doc. # 14] is DENIED as moot.


Entered this  6th  day of June, 2006.


    /s/ Joe B. McDade  
JOE BILLY McDADE  
United States District Judge